## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EDISON KIELA, individually and on behalf of all others similarly situated, | : :  CIVIL ACTION FILE NO. |
| Plaintiff, | : : |
| v. | : :  **COMPLAINT – CLASS ACTION** |
| BREEZE FUNDING, INC. | : : |
| Defendant. | :  **JURY TRIAL DEMANDED** : : |

Plaintiff Edison Kiela (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### NATURE OF ACTION

1.  This case involves a campaign by Breeze Funding Services, Inc. ("Breeze Funding") who made telemarketing calls to market its services through telemarketing calls by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2.  Mr. Kiela also alleges that Breeze Funding, Inc. uses automated systems to make telemarketing calls from Florida and that by doing so Breeze Funding has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059 ("FTSA").

3.  The recipients of Breeze Funding's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA and FTSA and because the technology used by Breeze Funding makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff Edison Kiela is a Florida resident that resides in this District.

5. Defendant Breeze Funding Services, Inc. is a California corporation that made calls into this District.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court also has supplemental jurisdiction over the state law claim because it arises from the same calls as the TCPA claim.

7. This Court has specific personal jurisdiction over Breeze Funding because the company made calls into this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were into this District.

## TCPA BACKGROUND

The National Do Not Call Registry

9. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

11. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

The Florida Telephone Solicitations Act

12. The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

13. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

14. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

15. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

16. Defendant Breeze Funding is a "person" as the term is defined by 47 U.S.C. § 153(39).

17. Plaintiff's telephone number, 561-XXX-3434, is his residential telephone number.

18. That number is used for residential purposes and is used for personal purposes.

19. The Plaintiff registered his number on the National Do Not Call Registry in October of 2004.

20. Despite this, the Plaintiff received telemarketing calls from Breeze Funding to attempt to provide him with a residential refinancing of mortgaging services on July 14, 19, 24 and 28th, 2023.

21. All of the calls came from the Caller ID 949-315-7377.

22. Indicated of the *en masse* calling, other individuals have complained about receiving telemarketing calls from that number. *See* https://lookup.robokiller.com/p/949-315-7377.

23. The Plaintiff was not interested in the services and repeatedly asked to not be contacted again.

24. Indeed, on the July 14, 2023 call, the Plaintiff explicitly informed the Defendant that he was on the National Do Not Call Registry.

25. Yet, he was still contacted.

26. The solicitations were designed to enroll the Plaintiff in the Defendant's residential mortgage refinancing services and the Defendant would receive an origination fee in exchange.

27. Each call that was answered started with a click, pause and a delay prior to any individual from the Defendant getting on the line.

28. This audible click and pause is indicative of the automated system selecting a number to call and then transferring the call to the telemarketing representative.

29. The calls were not necessitated by an emergency.

30. Prior to the filing of this lawsuit, the Plaintiff wrote to the Defendant regarding the telemarketing conduct.

31. The Defendant did not respond denying the calling conduct.

32. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following classes:

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.
>
> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services made from or to Florida, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) from July 1, 2021 through the date of trial.

34. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

35. Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

36. Based on the automated nature of calling campaign, there are likely hundreds of class members. Individual joinder of these persons is impracticable.

37. There are questions of law and fact common to Plaintiff and the proposed classes, including:

   (i) Whether the Defendant contacted numbers on the National Do Not Call Registry;

   (ii) Whether the Defendant made such calls with express written consent;

   (iii) Whether the Defendant's calls utilized an automated dialing system restricted by the FTSA;

   (iv) Whether Defendant made such calls into Florida; and

   (v) Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

38. Plaintiff's claims are based on the same facts and legal theories as class members' claims, and therefore are typical of the class members' claims.

39. Plaintiff is an adequate representative of the classes because his interests do not conflict with the class's interests, she will fairly and adequately protect the class's interests, and she is represented by counsel skilled and experienced in litigating class actions.

40. The Defendant's actions are applicable to the class and to Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

41. The above allegations of paragraphs 1-40 are repeated and realleged herein as if set forth herein.

42. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

43. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

44. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

45. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

46. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiffs and the Class members without Plaintiff's and the Class members' prior express written consent.

47. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

48. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiffs and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## FOR A SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violation of 47 U.S.C. § 227
### On Behalf of Plaintiff and the National Do Not Call Registry Class

49. The above allegations of paragraphs 1-40 are repeated and realleged herein as if set forth herein.

50. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

51. The Defendant's violations were negligent, willful, or knowing.

52. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

53. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A. That the Court certify the proposed classes;

B. That the Court appoints Plaintiff as class representative;

E. That the Court appoint the undersigned counsel as counsel for the classes;

  F. That the Court enter a judgment permanently enjoining Defendant from the conduct above;

  G. That the Court enter an order awarding the Plaintiff costs; and

  H. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each negligent violation of the TCPA or FTSA and $1,500 for each knowing or willful violation;

  I. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

  **Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: September 26, 2023   PLAINTIFF, individually and on behalf of all others similarly situated,

            */s/ Avi R. Kaufman*
            Avi R. Kaufman (FL Bar no. 84382)
            kaufman@kaufmanpa.com
            Rachel E. Kaufman (FL Bar no. 87406)
            rachel@kaufmanpa.com
            KAUFMAN P.A.
            237 South Dixie Highway, 4th Floor
            Coral Gables, FL 33133
            Telephone: (305) 469-5881